IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00239-WYD-KLM

JANICE ROE,

      Plaintiff,

v.

KARVAL SCHOOL DISTRICT RE23,
MARTIN ADAMS, in his personal capacity and in his capacity as Principal of Karval High School,
ANDREW MCCOLLUM, in his personal capacity and in his capacity as teacher at Karval High School, and
GEORGE PRICE,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant Karval School District RE23's ("Defendant District") **Motion for Protective Order** [Docket No. 54; Filed February 7, 2013] (the "Motion"). On February 19, 2013, Plaintiff filed a Response [#57]. On March 1, 2013, Defendant District filed a Reply [#63]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion is **GRANTED in part** and **Denied in part**.

### I. Summary of the Case

In its Motion, Defendant District seeks a protective order suppressing (1) Tanya Seymour's ("Seymour") affidavit and (2) any future *ex parte* communications with Seymour,

1

John Savage ("Savage"), Todd Werner ("Werner"), and the members of the Karval School District Board of Education. Defendant District states that Seymour is an employee of Defendant District who is counsel's main point of contact. *Motion* [#54] at 2. According to Defendant District, Seymour "controls much of the day-to-day operations of the school." *Id.* at 3. Defendant District claims Seymour "had rather frequent communication with counsel and counsel's staff about the litigation." *Id.* at 3. Defendant District further states that Seymour "signed the District's Responses to Plaintiff's First Set of Interrogatories under the penalty of perjury" and "was the first person listed in Interrogatory 1(a) as someone who assisted in the response to Interrogatories." *Id.* at 7, 9.

According to Defendant District, the affidavit at issue was written by a paralegal from Plaintiff's counsel's law firm who "contacted Ms. Tanya Seymour at her home" and "interviewed Ms. Seymour and subsequently requested and received an affidavit from Ms. Seymour that included some factual information and opinion testimony based on Ms. Seymour's job experience." *Id.* at 2. Defendant District further states that the paralegal "is related to the Plaintiff" and that Seymour "did not fully understand the importance of protecting attorney-client communication and the role/use of an affidavit in litigation" at the time the paralegal contacted her. *Id.* at 3.

In her Response, Plaintiff argues that Seymour's position as a secretary means she does not qualify "as a constituent of an organization who holds a level of authority as described in Comment [7] to Colo. RPC 4.2." *Response* [#57] at 1. Plaintiff goes on to argue that while "[a]t most, Ms. Seymour would be a witness in possession of privileged information," counsel is not prohibited from directly contacting such a witness. *Id.* at 4. Plaintiff further argues that "Seymour's alleged access to undefined, privileged

2

communications does not, in any way, provide her with authority to supervise, direct or regularly consult with legal counsel, to obligate the organization with respect to this matter, or place her in a position where her acts or omissions are imputed to the organization for the purpose of civil liability." *Id.* at 4.   Plaintiff argues that Seymour's observation of privileged communications "between the true decision-makers . . . does not elevate her into a position of having" the authority contemplated by Comment 7 to Colorado Rule of Professional Conduct 4.2 ("Rule 4.2").   *Id.* at 5.   Instead, "[i]t merely adds to the interviewer's responsibility the duty to not enquire about, or perhaps even listen to, privileged information." *Id.*  Plaintiff claims "the interview with Tanya Seymour was factual in nature" and attaches the affidavit as an exhibit. *Id.* at 6, Ex. 1.

In its Reply, Defendant District addresses Plaintiff's contention that Seymour's title excludes her from consideration as a "constituent of the organization" pursuant to Comment 7 to Rule 4.2.  Defendant District argues that the rule was modified to exclude the prior language requiring that the employee in question have a "managerial responsibility" which indicates that the Colorado Supreme Court did not want the definition to be limited based on title but, instead, determined by the facts of the situation. *Reply* [#63] at 2-3.  Defendant District further argues that Seymour falls within the definition of "constituent" as expressed in Colorado Ethics Opinion 69. *Id.* at 4.

## II.  Analysis

Rule 4.2 governs a lawyer's communications with people represented by counsel. It states:

> In representing a client, a lawyer shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other

lawyer or is authorized to do so by law or a court order.

Colo. RPC 4.2 (2012).  "Rule 4.2 is designed to prevent situations in which a represented party may be taken advantage of by adverse counsel" because "the presence of the party's attorney theoretically neutralizes any undue influence." *Lobato v. Ford*, Civil Action No. 05-cv-01437-LTB-CBS, 2007 WL 3342598, at *15 (D. Colo. Nov. 9, 2007).  Further, Comment 7 to Rule 4.2 explains:

> In the case of a represented organization, this Rule prohibits communications with a constituent of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Colo. RPC 4.2, Comment 7 (2012).   Rule 4.2 "was intended to forbid *ex parte* communications with all institutional employees whose acts or omissions could bind or impute liability to the organization or whose statements could be used as admissions against the organization." *University Patents, Inc. v. Kligman*, 737 F.Supp. 325, 328 (E.D. Pa. 1990) (finding that opposing counsel's *ex parte* communications with various employees of a university were improper and citing to counsel's "efforts to secure affidavits in support of his case" as support for his finding that counsel was attempting to gain discovery through improper means).[1]

## A.    Seymour Is a Constituent of Defendant

Pursuant to Comment 7 to Rule 4.2, Seymour is a constituent of Defendant District

---

[1]Both Rule 4.2 and Pennsylvania's Model Rule of Professional Conduct 4.2, at issue in *University Patents*, were adopted whole-cloth from the American Bar Association's Model Rule of Professional Conduct 4.2 and are, therefore, identical.  *See* ABA Model R. of Prof'l Conduct 4.2.

if she "supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability." Colo. RPC 4.2, Comment 7 (2012). Here, Seymour "signed the District's Responses to Plaintiff's First Set of Interrogatories under the penalty of perjury" and "was the first person listed in Interrogatory 1(a) as someone who assisted in the response to Interrogatories." *Motion* [#54] at 7, 9. In addition, she "had rather frequent communication with counsel and counsel's staff about the litigation." *Id.* at 3. Further, "as the records custodian for the District, Ms. Seymour can bind the District as to admissions regarding documents maintained in the normal course of business." *Reply* [#63] at 4. Therefore, the Court finds that Seymour is a constituent under Rule 4.2. *See Weeks v. Independent Sch. Dist. No. I-89 of Okla. Cnty., Okla., Bd of Ed.*, 230 F.3d 1201, 1210-11 (10th Cir. 2000) (finding operations supervisor and bus driver's immediate supervisor to be constituents of the school district and *sua sponte* disqualifying the lawyer who engaged in *ex parte* communications as a sanction);[2] *see also Kligman*, 737 F.Supp at 328 (holding that *ex parte* communications with professor, a professor who was also a chairman of his department, a research professor, an associate trustee, and a member of the university's board violated Rule 4.2).

---

[2]Oklahoma Rule of Professional Conduct 4.2 is identical to Rule 4.2.

**B.     The Communication Was About the Subject of the Representation**

To find a violation of Rule 4.2, the Court must find that the *ex parte* communication was "about the subject of the representation." Colo. RPC 4.2 (2012).  Defendant District claims that the paralegal "interviewed Ms. Seymour and subsequently requested and received an affidavit from Ms. Seymour that included some factual information and opinion testimony based on Ms. Seymour's job experience." *Motion.* at 2.  The subject of the representation "in a litigated matter is not limited to the merits of the various claims; it includes the entire litigation process." *Hammond v. City of Junction City, Kansas*, 167 F.Supp.2d 1271, 1282 (D. Kan. 2001) (finding *ex parte* communication concerning the production of documents to be a violation of Rule 4.2) (internal quotation and citation omitted).[3]  After a review of the affidavit, the Court concludes that the interview of Seymour included information about the subject of the representation.   *See Hammond*, 167 F.Supp.2d at 1282; *Biocore Med.Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 671 (D. Kan. 1998) (holding that an *ex parte* conversation scheduling a deposition violated Rule 4.2 because "a deposition is a discussion that concerns the litigation and requires the consent of that party's counsel.").

**C.     Sanctions**

This Court "has broad discretion in imposing" an appropriate remedy for counsel's violation of Rule 4.2.  *Weeks*, 230 F.3d at 1211 (affirming district court's disqualification order); *see also Faison v. Thornton,* 863 F.Supp. 1204, 1215 (D. Nev.1993), *overruled on other grounds,* 338 F.3d 981 (9th Cir.2003), (listing sanctions for violations of Rule 4.2,

---

[3]Kansas Rule 226 which includes all of Kansas' Rules of Professional Conduct includes a Rule 4.2 identical to Rule 4.2.

including: excluding the use of improperly obtained information at trial, production of all improperly obtained information, disqualification of counsel, and dismissal of the pending litigation).  "In determining the proper sanction for remedy, the court must consider the client's right to be represented by counsel of his choice, as well as the opposing party's right to prepare and try its case without prejudice."  *University Patents, Inc.*, 737 F.Supp. at 329.

Here, because Seymour "signed the District's Responses to Plaintiff's First Set of Interrogatories under the penalty of perjury" and "was the first person listed in Interrogatory 1(a) as someone who assisted in the response to Interrogatories," *Motion* [#54] at 7, 9, Plaintiff's counsel was on notice that Seymour was an employee who "regularly consult[ed] with the organization's lawyer concerning the matter."  Colo. RPC 4.2, Comment 7 (2012). As a result, at the very least, Plaintiff's counsel should have contacted Defendant District's counsel as suggested in Ethics Opinion 69.   *See* Colorado Bar Assoc. Ethics Comm., Formal Op. 69 (2012) (as revised).  In the alternative, Plaintiff's counsel could have sought guidance from the Court.  *See id.*  However, "[r]ather than informing opposing counsel of his intent to talk with [Seymour] or seeking leave of court to do so," Plaintiff's counsel allowed his paralegal to interview Seymour "without regard for the potential legal and ethical ramifications."  *University Patents, Inc.*, 737 F.Supp. at 329 (precluding counsel's use of information obtained during *ex parte* communications that were in violation of Rule 4.2).  Further, Defendant District has been prejudiced by Plaintiff's counsel's actions. *Reply* [#63] at 8 ("[T]he District's counsel has had to utilize an alternative contact person to ensure the protection of attorney-client communication.").  The Court, therefore, finds that the circumstances warrant precluding the Plaintiff from introducing any information obtained

7

through *ex parte* communications with Seymour.

Defendant District presents no evidence regarding *ex parte* communications with any other constituents of Defendant District, therefore, the Court **DENIES** Defendant District's request for relief regarding Savage, Werner, and the members of the Karval School District Board of Education.

### III.  Conclusion

Accordingly, for the reasons stated above,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that Plaintiff is precluded from using information obtained during *ex parte* communications with Tanya Seymour.

IT IS FURTHER **ORDERED** that Plaintiff must produce any statements, exhibits, or other information obtained through *ex parte* communications with Tanya Seymour within fourteen (14) days.

Dated:  April 12, 2013               BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

8