IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00239-WYD-KLM

JANICE ROE,

    Plaintiff,

v.

KARVAL SCHOOL DISTRICT RE23,
MARTIN ADAMS, in his personal capacity and in his capacity as Principal of Karval High School,
ANDREW MCCOLLUM, in his personal capacity and in his capacity as teacher at Karval High School, and
GEORGE PRICE,

    Defendants.
_____

**ORDER**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Amend Complaint** [Docket No. 34; Filed September 27, 2012] (the "Motion"). On October 5, 2012, Defendant Karval School District RE23 ("KSD") filed a Response [#36]. On October 8, 2012, Defendant George Price ("Price") filed a Response [#37]. On October 18, 2012, Plaintiff filed a Reply [#38] to Defendant KSD's and Defendant Price's responses. Additionally, on October 18, 2012, Defendant Martin Adams ("Adams") filed a Response [#39]. On October 31, 2012, Plaintiff filed a Reply [#42] to Defendant Adam's Response. On October 24, 2012, Defendant Price filed a Surreply [#40] and on November 12, 2012, Plaintiff filed an

objection [#47] to Defendant Price's Surreply[1]. The Motion is thus fully briefed and ripe for resolution. For the reasons set forth below, the Court respectfully recommends that the Motion be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Karval High School (KHS) is a high school in Colorado within the KSD. *Compl.* [#1] at 2. During the incidents in dispute in this action, Plaintiff was a minor and student at KHS. *Id.* At that time, Defendant Adams was the principal at KHS. *Id.* Plaintiff alleges that Defendant Adams had the authority to "perform background checks on prospective employees of KHS, to hire, train, supervise and discipline employees, and to make other planning and policy decisions on behalf of KHS." *Id.* In August 2008, Defendant Adams hired Defendant McCollum to teach history and computer classes at KHS. *Id.* at 5. Defendant Price is a Colorado attorney who defended Defendant McCollum against charges in a criminal action based on alleged sexual acts with Plaintiff while Defendant McCollum was employed as a teacher at KHS. *Id.* at 3.

Prior to hiring Defendant McCollum, Defendant Adams contacted Defendant McCollum's prior employer, Mr. Gordon J. Sisson of Marshfield High School ("MHS") in Marshfield, Wisconsin. *Id.* Plaintiff alleges that Mr. Sisson was knowledgeable and provided Defendant Adams with information about Defendant McCollum's previous employment at MHS, Owen Withee High School ("OWHS"), and Granton High School ("GHS"). *Id.* Mr. Sisson allegedly informed Defendant Adams that in 2007, Defendant McCollum worked at OWHS. *Id.* OWHS later terminated Defendant McCollum's

---

[1] The filing of surreplies is not contemplated by the Federal Rules of Civil Procedure or the Court's Local Rules, and the Court declines to consider it.

employment because he sent "multiple, intimate, handwritten notes to a minor, female student." *Id.* Mr. Sisson allegedly noted that MHS hired Defendant McCollum for the 2007-2008 school year. *Id.* MHS later terminated his employment because he sent "inappropriate messages through Facebook" to a female student that were "intimate and sexually suggestive." *Id.* at 4. Mr. Sisson allegedly further told Defendant Adams that GHS hired Defendant McCollum in March 2008. *Id.* GHS later terminated his employment because GHS received complaints that he "sent inappropriate, intimate messages to several female students over Facebook." *Id.* According to Plaintiff, Mr. Sisson, therefore, "did not recommend the hiring of [Defendant] McCollum into a position in which he would have contact with female students." *Id.*

Plaintiff alleges that when Defendant Adams hired Defendant McCollum, Defendant Adams "failed to place [Defendant] McCollum under a system of supervision and training adequate to prevent [Defendant] McCollum from engaging in predatory behavior against minor females at KHS." *Compl.* [#1] at 5. According to Plaintiff, Defendant McCollum sent messages to "minor, female students, including [Plaintiff]" that were "romantic and/or sexual in nature . . . to coerce minor females into illegal, sexual relationships with him." *Id.* Plaintiff alleges that during the 2008-2009 school year, Defendant McCollum "secretly and repeatedly communicat[ed] with [Plaintiff] . . . through text messages and other means." *Id.* According to Plaintiff, on April 27, 2009, the messages "became sexually suggestive in nature, and [Defendant] McCollum invited [Plaintiff] over to his residence." *Id.* Plaintiff alleges that she went to Defendant McCollum's house where he sexually assaulted her. *Id.*

In May 2009, Plaintiff's father reported the incident to the Lincoln County Sheriff's

Department which led to Defendant McCollum's arrest on June 22, 2009. *Id.* at 5-6. On June 22, 2009, Defendant McCollum was charged with (1) sexual assault on a child by one in a position of trust; (2) unlawful sexual contact; and (3) sexual assault. *Id.* at 6.

According to Plaintiff, after the arrest, Defendants KSD and Adams continued to employ Defendant McCollum. *Id.* Plaintiff alleges that they also renewed Defendant McCollum's employment contract for the 2009-2010 school year and made public statements in support of Defendant McCollum. *Id.*

According to Plaintiff, Defendant Adams suggested that "someone escort [Plaintiff] from class to class during the school day, and to keep her under observation, in order to protect faculty members and students from [Plaintiff]." *Id.* Plaintiff alleges that Defendant Adams' and Defendant McCollum's actions caused her to withdraw from KHS and enroll at Miami-Yoder High School (MYHS), which is more than forty miles from Plaintiff's house. *Id.* In April 2010, Defendant McCollum submitted his resignation which was effective as of June 30, 2010. *Id.*

Plaintiff alleges that on March 12, 2010, Defendant Price's agent served Defendant Adams with a subpoena to obtain Plaintiff's school records from KHS. *Id.* at 7. Plaintiff further alleges that Defendant Price failed to notify the Lincoln County District Attorney's Office, Plaintiff, and Plaintiff's father about the subpoena. *Id.* According to Plaintiff, at Defendant Adams' direction, KHS staff immediately provided Defendant Price's agent with Plaintiff's "scholastic and counseling information." *Id.* Plaintiff alleges that Defendant Price's agent reviewed the documents prior to delivering them to Defendant Price and, upon receipt, Defendant Price also reviewed the documents. *Id.*

The District Attorneys' Office "moved the trial court to order that [Defendant] Price

deliver the records to the court to be placed under seal until a hearing on the issues of the confidentiality/discoverability of the records could take place." *Id.* at 8. According to Plaintiff, the court determined that the documents were confidential pursuant to Colorado law and KHS should not have provided the documents to Defendant Price or his agent. *Id.*

Plaintiff alleges that on June 6, 2011, Defendant McCollum "pled guilty to Attempted Sexual Assault on a Child - victim age 15-17 - by One in a Position of Trust CRS 18-3-405.3(1)(3) and 18-2-101 (F5) and Unlawful Sexual Contact CRS 18-3-404(1)(a) (M1)." *Id.* According to Plaintiff, the court sentenced Defendant McCollum to serve time in jail, pay a fine, register as a sexual offender, and serve ten years of probation without contact with individuals younger than eighteen years-old. *Id.*

## II. ANALYSIS

Plaintiff's Complaint asserts seven claims: (1) violation of Title IX, 20 U.S.C. § 1681 *et. seq.* against Defendant KSD; (2) violation of the equal protection clause of the Fourteenth Amendment against Defendant KSD and Defendant Adams in his individual capacity; (3) violation of the due process clause of the Fourteenth Amendment against Defendant KSD and Defendant Adams in his individual capacity; (4) invasion of privacy against Defendant KSD, Defendant Adams in his individual capacity, and Defendant Price; (5) sexual assault and battery against Defendant McCollum; (6) outrageous conduct against Defendant McCollum; and (7) failure to perform an education employment required background check against Defendant KSD. *Compl.* [#1] at 8-17. Pursuant to the Motion, Plaintiff seeks to amend her Complaint to add information gathered in discovery and disclosures obtained after she filed her Complaint. *Motion* [#34] at 1-2. Plaintiff's Amended Complaint asserts the same seven claims but modifies them as follows: (1) Plaintiff

changes Defendant KSD's name in the caption from "Karval School District RE23" to "Karval School district RE23, a/k/a Karval Public Schools, a/k/a the Board of Education for Karval School District RE23, a political subdivision of the State of Colorado;" (2) Plaintiff adds Defendant Adams in his official capacity to her equal protection and due process claims; (3) Plaintiff adds Defendant Adams to her outrageous conduct claim; (4) Plaintiff adds Defendant Price to her due process claim; and (5) Plaintiff adds Defendant McCollum in his official and individual capacities to her equal protection and due process claims. *Am. Compl.* [#34-1] at 8-16. Plaintiff does not seek to add or remove any claims or Defendants. *Compare Compl.* [#1] *with Am. Compl.* [#34-1]. However, as previously stated, Plaintiff does add previously named Defendants to claims which were not previously alleged against them. *Id.*

As a preliminary matter, the pleading amendment deadline expired on September 30, 2012. *See Scheduling Order* [#17] at 13. The present Motion was filed on September 27, 2012 and was, therefore, timely.

The Court next considers any arguments raised by the parties related to whether justice would be served by amendment. The Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**A.     Undue Delay**

Defendant Price contends that the Court should deny the motion because of undue delay. *Price Resp.* [#37] at 3. Concerning delay, "[t]he important inquiry is not simply

whether Plaintiff has delayed, but whether such delay is undue." *Minter v. Prime Equip. Co.*, 451 F3d 1196, 1206 (10th Cir. 2006). The Tenth Circuit "focuses primarily on the reason for the delay." *Id.* A motion to amend is untimely if, among other reasons, the moving party has made the complaint a "moving target," is trying to "salvage a lost case by untimely suggesting new theories of recovery," is trying to present more theories to avoid dismissal, or is knowingly waiting until the eve of trial to assert new claims. *Id.* (citations omitted). Other common reasons for finding undue delay include lack of adequate explanation for the delay and when a moving party knows or should have known of the facts in the proposed amendment but did not include them in the original complaint or any prior attempts to amend. *Id.* (citations omitted). Defendant Price alleges that the facts in the Amended Complaint were known since before Plaintiff filed her Complaint. *Price Resp.* [#37] at 3. However, Plaintiff seeks to amend her Complaint based on information she alleges was gathered in discovery and disclosures obtained after she filed her Complaint. *Motion* [#34] at 1-2. The Court is not a mind reader, and is therefore unable to determine whether Plaintiff or her counsel knew the additional facts before filing the original Complaint. However, considering that leave to amend should be freely granted, and that Plaintiff's Amended Complaint was filed within the deadline to amend pleadings, the Court finds that justice requires that Plaintiff be allowed to file an Amended Complaint that contains more specific factual allegations.

**B.     Undue Prejudice**

Defendant Adams argues that he would be prejudiced by Plaintiff's Amended Complaint because Plaintiff's amendments are "redundant" which "needlessly increase[s] the cost of litigation." *See Adams Resp.* [#39] at 7-8. Prejudice to nonmoving parties is the

most important factor in considering whether amendment should be permitted. *See* Charles Alan Wright et al., Federal Practice and Procedure § 1487, at 613 (2d ed.1990). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Minter*, 451 F.3d at 1207 (quotation omitted). However, the prejudice Defendant Adams asserts is the cost of being involved in litigation and Defendant fails to establish how the relatively nominal cost of answering an amended complaint rises to the level of undue prejudice. *See Adams Resp.* [#39] at 7; *see also Minter*, 451 F.3d at 1205. More specifically, he fails to establish how and by what amount his costs will be increased. *Id.* Accordingly, the Court cannot conclude that he will suffer undue prejudice.

**C.    Futility**

Defendants Price and Adams allege that Plaintiff's amendments are futile. *Price Resp.* [#37] at 3; *Adams Resp.* [#39] at 2. An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving [her] 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [its] complaint." *Id.*

### 1. Defendant Price

Plaintiff's Amended Complaint seeks to add Defendant Price to Plaintiff's due process and equal protection claims. *Compare Compl.* [#1] at 10-14 *with Am. Compl.* [#34-1] at 9-12. Defendant Price argues that Plaintiff's attempt to assert a due process and an equal protection claim against him is futile because a private attorney does not "act under color of law" when representing a client in court. *Price Resp.* [#37] at 3-4. However, Plaintiff alleges that Defendant Price was a state actor because "the State financed [Defendant Price's] investigation." *Reply* [#38] at 3. Therefore, at this stage of the proceedings, it is not clear from the allegations asserted in the Amended Complaint that Plaintiff's amendment would be futile. *See Foman*, 371 U.S. at 182 ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [s]he ought to be afforded an opportunity to test [her] claim on the merits."). Further, it is not appropriate for the Court to look beyond the operative pleading and weigh the facts and evidence at this stage and resolve any disputes between the parties. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). At this stage, the Court's role is to determine whether Plaintiff has provided a plausible basis for liability, accepting her version of the facts and potential evidence as true. The likelihood of success of Plaintiff's factual and legal theory is beyond the scope of the present inquiry.

Moreover, the Court is mindful of the language of Fed. R. Civ. P. 11(b)(3), which specifies that an attorney who files a pleading with the Court represents that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Of course, Rule 11(c) permits the Court to impose sanctions if the rule is violated.

Accordingly, the amendment is appropriate.

### 2. Defendant Adams

#### i. Invasion of Privacy Claim

Defendant Adams argues that Plaintiff's assertion of an invasion of privacy claim against him is futile because it is barred by the Colorado Government Immunity Act ("CGIA") which makes public entities immune from tort liability. *Adams Resp.* [#39] at 3-4; C.R.S. § 24-10-106(1). However, Plaintiff's invasion of privacy claim arises from Defendant Adams' alleged "[f]ailure to perform an education employment required background check," which is an exception to the CGIA. *See Compl.* [#1] at 16-17; C.R.S. § 24-10-106(1)(h). Accordingly, the amendment is appropriate. *See supra* § II.C.1.

#### ii. Outrageous Conduct Claim

Plaintiff's Amended Complaint also seeks to add Defendant Adams to Plaintiff's outrageous conduct claim. *Compare Compl.* [#1] at 16 *with Am. Compl.* [#34-1] at 14-15. To state a claim for outrageous conduct under Colorado law, a plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct, (2) the defendant did so recklessly or with the intent of causing the plaintiff severe emotional distress, and (3) the conduct did indeed cause the plaintiff severe emotional distress. *Llewellyn v. Shearson Fin. Network, Inc.*, 622 F. Supp. 2d 1062, 1068-69 (D. Colo. 2009) (citing *Green v. Qwest Servs. Corp.*, 155 P.3d 383, 385 (Colo. App. 2006)).

Defendant Adams alleges that Plaintiff fails to allege "extreme and outrageous" conduct. *Adams Resp.* [#39] at 5-6. For a defendant's conduct to be outrageous, it must be "so extreme in degree as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community." *McCrary v. Aurora Pub. Sch.*, 57 F. App'x 362, 374 (10th Cir. 2003) (quoting *Coors Brewing Co. v. Floyd*, 978 P.2d 663, 666 (Colo. 1999)). Moreover, "[c]onduct, otherwise permissible, may become extreme and outrageous if it is an abuse by the actor of a position in which he [or she] has actual or apparent authority over the other, or the power to affect the other's interests." *Pearson v. Kancilia*, 70 P.3d 594, 598 (Colo. App. 2003) (citation omitted). Whether the alleged conduct is sufficiently outrageous is, at least initially, a question of law for the court. *Green*, 155 P.3d at 385. Outrageous conduct claims are also known as claims for intentional infliction of emotional distress. *Llewellyn*, 622 F. Supp. 2d at 1068.

In her Amended Complaint, Plaintiff alleges that Defendant Adams hired Defendant McCollum as a high school teacher with knowledge that Defendant McCollum was previously engaged in "inappropriate behavior with minor females" and failed to provide Defendant McCollum with "supervision or training adequate to prevent [Defendant] McCollum from engaging in predatory behavior against minor females at KHS." *Am. Compl.* [#34-1] at 4. Plaintiff has sufficiently alleged facts to support an outrageous conduct claim. Accordingly, the amendment is appropriate. *See supra* § II.C.1.

### iii. Official Capacity

Plaintiff's Complaint alleges equal protection and due process claims against Defendant Adams solely in his individual capacity. *Compl.* [#1] at 10-14. Through this Motion and the Amended Complaint, Plaintiff seeks to assert those claims against Defendant Adams and Defendant McCollum in their individual and official capacities. *Am. Compl.* [#34-1] at 9-12. Defendant Adams argues that the amendment to add claims against Defendants in their official capacities is "redundant and not viable" because

Plaintiff's Complaint already alleges claims against Defendant KSD. *Adams Resp.* [#39] at 3-4. "Suits against state officials in their official capacity should be treated as suits against the state." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)); *see also Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). Therefore, amending the Complaint to assert equal protection and due process claims against Defendants Adams and McCollum in their official capacities is unnecessary because Plaintiff already asserts the same claims against Defendant KSD. *Compl.* [#1] at 10-14. Accordingly, the amendment is inappropriate.

**D.     Change in Party Name**

The caption in Plaintiff's Complaint identifies "Karval School District RE23" as a defendant. *Compl.* [#1] at 1. The caption in Plaintiff's Amended Complaint identifies "Karval School District RE23, a/k/a Karval Public Schools, a/k/a the Board of Education for Karval School District RE23, a political subdivision of the State of Colorado" as a defendant. *Am. Compl.* [#34-1] at 1. Defendant KSD argues that this amendment is "unnecessary" because "the Board of Education" is merely the "governing body of [Defendant KSD], but not a distinct corporate entity." *KSD Resp.* [#36] at 2-3 (citing C.R.S. § 22-32-101; Colo. Const. art IX, § 15). Defendant KSD is a proper defendant. C.R.S. § 22-32-101 (stating that "[e]ach regularly organized school district heretofore or hereafter formed is declared to be a body corporate with perpetual existence, and in its name it may . . . sue and be sued . . ."). Additionally, "Karval Public Schools" and "the Board of Education" are not separate entities from Defendant KSD. Colo. Const. art IX, § 15 (stating that "[t]he general assembly shall, by law, provide for organization of school districts . . . in each of which shall be established a board of education, to consist of three or more

directors . . . Said directors shall have control of instruction in the public schools of their respective districts."). Therefore, Plaintiff's Complaint already names the proper defendant. *Compl.* [#1] at 1. Accordingly, the amendment is inappropriate.

**E.    Relation Back**

Finally, Plaintiff's Amended Complaint seeks to add Defendant Price to Plaintiff's due process claim. *Compare Compl.* [#1] *with Am. Compl.* [#34-1]. Defendant Price contends that this amendment is barred by the two-year statute of limitations unless the amendment relates back to the Complaint pursuant to Fed. R. Civ. P. 15(c). *Price Resp.* [#37] at 2. As Defendant Price suggests, Plaintiff's claim is subject to a two-year statute of limitations. *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); C.R.S. § 13-80-102(g). Plaintiff's due process claim arises out of Defendant Price's subpoena which he prepared on March 11, 2010. *Price Resp.* [#37] at 2. Plaintiff filed her Complaint on January 30, 2012, within the two-year statute, and filed this Motion on September 27, 2012, after the two-year statute expired. *See generally Compl.* [#1]*; Am. Compl.* [#34-1]. Therefore, as Defendant Price suggests, Plaintiff's claim must relate back to the filing date of the original complaint for the Court to accept Plaintiff's amendment.

Amendment to add parties to a claim is only appropriate if the amendment relates back to the initial Complaint. Fed. R. Civ. P. 15(c). Additionally, an amendment must meet three elements to relate back:

> (1) the amended complaint relates back to the same transaction or occurrence; (2) the new party had notice of the action, prior to the expiration of the statute of limitations; and (3) the defendant knew or should have known that but for a mistake in identity the action would have been brought against the defendant.

*Gay v. Rojas*, Civil Action No. 11-cv-03128-WJM-MEH, 2012 WL 2709823, at *5 (D. Colo.

June 12, 2012) (citation omitted).

Here, Plaintiff's due process claim "arises out of the same general set of facts discussed in her original complaint." *Benton v. Bd. of Cnty. Com'rs*, Civil Action No. 06-cv-01406-PSF-MEH, 2007 WL 4105175, at *4 (D. Colo. Nov. 14, 2007). Additionally, Defendant Price was on notice of the action because he was a named defendant in Plaintiff's Complaint. *Compl.* [#1]. However, Plaintiff included her due process claim in her Complaint and knew the identity of Defendant Price when she filed her Complaint. *Id.* Therefore, she cannot claim that Fed. R. Civ. P. 15(c)(1) permits amendment after expiration of the statute of limitations because there was no mistake in identity. *See Pulse v. Larry H. Miller Grp.*, No. 03-cv-02073-WDMPAC, 2005 WL 1563222, at *12 (D. Colo. June 20, 2005) (citation omitted) (recognizing that amendment by adding defendant is permitted only where a mistake of identity has been made and noting that where plaintiff knows the existence of defendant and [his] role, but does not timely sue defendant, plaintiff cannot claim that the failure was the result of mistaken identity). Accordingly, the amendment to assert a due process claim against Defendant Price does not relate back and is impermissible.

### III. CONCLUSION

Based on the above, therefore, the Court permits Plaintiff leave to file an Amended Complaint. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#34] is **GRANTED in part** and **DENIED in part**.

IT IS FURTHER **ORDERED** that the Plaintiff shall file an Amended Complaint in accordance with this Order **on or before May 9, 2013**,

Dated:  May 2, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge