IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00239-WYD-KLM

JANICE ROE,

      Plaintiff,

v.

ANDREW MCCOLLUM, in his personal capacity and in his capacity as teacher at Karval
High School, and
GEORGE PRICE,

      Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Defendant Price's Motion for Summary
Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Brief in
Support of the Motion** [#88][1] (the "Motion").  On July 1, 2013, Plaintiff filed a Response
[#90].  On July 9, 2013, Defendant George Price ("Price") filed a Reply [#91].  The Motion
is ripe for review.  Pursuant to 28 U.S.C. § 636 (b)(1) and D.C.COLO.LCivR 72.1C, the
Motion has been referred to this Court for a recommendation regarding disposition [#89].
The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the
applicable law, and is sufficiently advised in the premises.  For the reasons set forth below,
the Court respectfully recommends that the Motion [#88] be **DENIED**.

_____

[1]  "[#88]" is an example of the convention I use to identify the docket number assigned to
a specific paper by the Court's case management and electronic case filing system (CM/ECF).  I
use this convention throughout this Recommendation.

## I.  SUMMARY OF THE CASE

Karval High School (KHS) is located in Karval, Colorado.  *Am. Compl.* [#80] at ¶ 5.

During the incidents in dispute in this action, Plaintiff was a minor and student at KHS.  *Id.*

at ¶ 7.  At that time, Defendant McCollum taught history and computer classes at KHS and

served as an assistant coach.  *Id.* at ¶ 10.  Defendant Price is a Colorado attorney who

defended Defendant McCollum against charges in a criminal action based on alleged

sexual acts with Plaintiff.  *Id.* at ¶¶ 11, 27; *Answer* [#92] at ¶¶ 5, 7.  Defendant McCollum

pled guilty to charges of sexual assault on a child and unlawful sexual contact.  *Am. Compl.*

[#80] at ¶ 35; *Answer* [#92] at ¶ 7.

Plaintiff brings one claim against Defendant Price for invasion of privacy.  *Am.

Compl.* [#80] at ¶¶ 61-65.  Specifically, Plaintiff alleges that Defendant "Price violated

[Plaintiff's] right to privacy by intentionally intruding upon [Plaintiff's] seclusion or solitude

by serving an invalid subpoena on KHS demanding production of an overly broad range of

documents which would encompass [Plaintiff's] educational and counseling records.

[Defendant] Price failed to give notice of the subpoena to [Plaintiff's] parents prior to

obtaining the confidential records."  *Id.* at ¶ 63.  Plaintiff further avers that Defendant Price's

alleged invasion of her privacy by "distributing and/or obtaining her confidential educational

and privileged counseling records would be very offensive to a reasonable person" and that

Defendant Price's actions were "intentional, knowing, willful and wanton."  *Id.* at ¶ 64.  As

a result, Plaintiff seeks compensatory, consequential, and exemplary damages.  *Id.* at ¶ 65.

## II.  STANDARD OF REVIEW

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to

assess whether trial is necessary.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 277 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a *prima facie* showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor. *See Anderson*, 277 U.S. at 248; *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869,

3

875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, *et al.*, Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

## III. FACTS

### A. Undisputed Facts

In support of his request for summary judgment on Plaintiff's invasion of privacy claim, Defendant Price offers the following undisputed facts, which are supported by documentary evidence:

- In June 2009, Defendant Price began representing Defendant McCollum in a criminal matter in Lincoln County, Colorado. *Motion* [#88] at 2, *Response* [#90] at 2; *Affidavit of George C. Price* ("Price Aff.") [#88-1] at ¶ 1.

- On or about March 11, 2010, Defendant Price prepared a subpoena duces tecum directed to Karval School District (the "Subpoena") seeking school records of the complaining witness in the criminal case, Plaintiff. The preparation and issuance of the Subpoena were done in the course of representing Defendant McCollum in his criminal matter. The Subpoena was issued after the criminal matter commenced in Lincoln County. *Motion* [#88] at 2-3, *Response* [#90] at 2; *Price Aff.* [#88-1] at ¶ 8.

- The Subpoena requested that the records be produced to Defendant Price on or before March 20, 2010. *Motion* [#88] at 3, *Response* [#90] at 2; *Price Aff., Ex. A* [#88-1] at 8.

- The Subpoena was served on March 12, 2010 by an investigator hired by Defendants Price and McCollum. *Motion* [#88] at 3, *Response* [#90] at 3; *Price Aff.* [#88-1] at ¶ 11.

- At the time the Subpoena was served, Mr. Adams, the superintendent of schools in Karval, attempted to gather all of the material that was the subject of the Subpoena to provide to the private investigator. *Motion* [#88] at 3, *Response* [#90] at 3; *Price Aff.* [#88-1] at ¶ 12; *Price Aff., Ex B* (April 2, 2010 Criminal Court Transcript ("Trans.")) [#88-2] at 47:9-48:24.

- Mr. Adams telephoned the guidance counselor at the school district and requested

4

that she provide any records she had that were responsive to the Subpoena. *Motion* [#88] at 3, *Response* [#90] at 3.

• Prior to returning to the school district to gather the records, the counselor contacted Plaintiff's father to inform him of the existence of the Subpoena. *Motion* [#88] at 3, *Response* [#90] at 3; *Price Aff.* [#88-1] at ¶ 14; *Trans.* [#88-2] at 68:19-21.

• Plaintiff's father, in turn, called the District Attorney's Office to inform them of the existence of the Subpoena. *Motion* [#88] at 4, *Response* [#90] at 3; *Price Aff.* [#88-1] at ¶ 16; *Trans.* [#88-2] at 84:25-87:7.

• Plaintiff's father did not contact Mr. Adams to object to the release of the requested records. *Motion* [#88] at 4, *Response* [#90] at 3; *Price Aff.* [#88-1] at ¶ 17; *Trans.* [#88-2] at 82:13-17.

• On March 15, 2010, someone from the District Attorney's Office called Defendant Price regarding the Subpoena. That individual informed him that the District Attorney's Office planned to object to the Subpoena and asked Defendant Price to not review the records produced in response to the Subpoena. *Motion* [#88] at 4-5, *Response* [#90] at 3-4; *Price Aff.* [#88-1] at ¶¶ 21-22, 25; *Response, Ex. 7* ("Call Report") [#90-7] at 1.

• In response, Defendant Price agreed to not review the records produced in response to the Subpoena and to bring the records to the criminal court hearing scheduled for the following Friday. *Motion* [#88] at 5, *Response* [#90] at 4; *Price Aff.* [#88-1] at ¶ 25.

## B.    Disputed Facts

The following factual allegations are in dispute and provide context to the arguments

provided by the parties in their briefing:

• Whether Defendant Price served the District Attorney's Office with a copy of the Subpoena. *Compare Motion* [#88] at 3 *with Response* [#90] at 3, 5, 7; *see also Call Report* [#90-7] at 1; *Price Aff.* [#88-1] at ¶ 10; *Reply* [#91] at 2, 5-6, 12, 15.

• Whether Plaintiff's father consented to the release of Plaintiff's records in response to the Subpoena. *Compare Motion* [#88] at 3-4 *with Response* [#90] at 3; *see also Reply* [#91] at 3.

• Whether Defendant Price reviewed the records produced in response to the Subpoena prior to bringing them to the criminal court hearing. *Compare Motion* [#88] at 5 *with Response* [#90] at 4.

As noted above, summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. "A fact is 'material' if it is essential to proper disposition of the claim under the relevant substantive law." *Ellis v. J.R.'s Country Stores, Inc.*, No. 12-cv-01916-CMA-KLM, 2013 WL 3661665, at *2 (D. Colo. July 12, 2013) (citing *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-21 (10th Cir. 2001)). "A dispute is 'genuine' if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party." *Id.* (citing *Allen v. Muskogee, Okl.*, 119 F.3d 837, 839 (10th Cir. 1997)). As discussed below, the Court finds that whether Defendant Price served the District Attorney's Office with a copy of the Subpoena is a disputed genuine issue of material fact which precludes summary judgment.

## IV. ANALYSIS

Plaintiff brings one claim against Defendant Price for invasion of privacy. *Id.* at ¶¶ 61-65. Specifically, Plaintiff alleges that Defendant "Price violated [Plaintiff's] right to privacy by intentionally intruding upon [Plaintiff's] seclusion or solitude by serving an invalid subpoena on KHS demanding production of an overly broad range of documents which would encompass [Plaintiff's] educational and counseling records. [Defendant] Price failed to give notice of the subpoena to [Plaintiff's] parents prior to obtaining the confidential records." *Id.* at ¶ 63. Plaintiff further avers that Defendant Price's alleged invasion of her privacy by "distributing and/or obtaining her confidential educational and privileged counseling records would be very offensive to a reasonable person" and that Defendant Price's actions were "intentional, knowing, willful and wanton." *Id.* at ¶ 64. In her Response, Plaintiff states more succinctly that her "cause of action against [Defendant]

Price is based on his failure to notify the [D]istrict [A]ttorney as to his issuance of a subpoena seeking [Plaintiff's] confidential records, as required by" Colo. R. Crim. P. 17 ("Rule 17"). *Response* [#90] at 9.

"Colorado law recognizes three separate categories of invasion of privacy claims." *Quigley v. Rosenthal*, 327 F.3d 1044, 1073 (10th Cir. 2003) (citing *Denver Publ'g Co. v. Bueno*, 54 P.3d 893, 897 (Colo. 2002)). "These include: (1) unreasonable intrusion upon the seclusion of another ('intrusion'); (2) publicity that unreasonably places another in a false light before the public ('disclosure'); and (3) appropriation of another's name or likeness ('appropriation'). *Id.* (citing *Bueno* at 896). Plaintiff makes no allegation that Defendant Price's conduct would qualify as either disclosure or appropriation. Even though Plaintiff's claim against Defendant Price includes the word "distributing," *Am. Compl.* [#80] at ¶ 63, there is no allegation that Defendant Price distributed information that unreasonably placed Plaintiff in a false light before the public. Therefore, the Court focuses on the first category—intrusion.[2]

Intrusion "focuses on the manner in which information that a person has kept private has been obtained," *Doe v. High-Tech Inst., Inc.,* 972 P.2d 1060, 1065 (Colo. Ct. App. 1998). To prevail on a claim of invasion of privacy by intrusion, "a plaintiff must show that another has intentionally intruded, physically or otherwise, upon the plaintiff's seclusion or solitude, and such intrusion would be considered offensive by a reasonable person." *Id.* "Although intrusion upon seclusion clearly encompasses an intrusion upon a physical space held in seclusion by a person, the element of seclusion also encompasses intrusions into

---

[2] Plaintiff's Response also makes clear that her claim is for intrusion. *See Response* [#90] at 9.

a person's private concerns based upon a reasonable expectation of privacy in that area."
*Id.* at 1068.  To be offensive to a reasonable person, an intrusion must be conducted in an
unreasonable manner or for an unwarranted purpose.  *Id.* at 1069 (citations omitted); *see
also Slaughter v. John Elway Dodge Southwest/AutoNation*, 107 P.3d 1165, 1171 (Colo.
App. 2005) ("The tort of invasion of privacy by intrusion requires an unreasonable manner
of intrusion or an intrusion for an unwarranted purpose.") (internal quotation marks and
citation omitted).

Here, the rule governing the issuance of the Subpoena is Rule 17.  Rule 17, "unlike
its federal counterpart, expressly mandates that a subpoenaing party provide a copy of the
subpoena to opposing counsel upon issuance."[3]  *People v. Baltazar*, 241 P.3d 941, 943
(Colo. 2010) (citing *People v. Spykstra*, 234 P.3d 662, 667 (Colo. 2010)).  The Colorado
Supreme Court has made clear that, while Rule 17 "permits, under limited circumstances,
subpoenas duces tecum to be made returnable before trial, . . . such subpoenas may
command only in-court production, rather than production solely to and for the benefit of
the defendant."  *Id.* (citing *Spykstra*, 234 P.3d at 668).  Further, under applicable Colorado
law, "there [is] no general constitutional right to discovery in a criminal case . . . the right
to confrontation is a trial right–not a constitutionally compelled rule of pre-trial discovery."
*Id.* at 944 (citations omitted).

As noted above, whether Defendant Price served the District Attorney's Office with
a copy of the Subpoena as required by Rule 17 is disputed.  *Compare Motion* [#88] at 3

---

[3]  The Court notes that Rule 17 states that "[t]he subpoenaing party shall forthwith provide
a copy of the subpoena to opposing counsel . . . ."  The Colorado Supreme Court has interpreted
this to mean that a copy must be provided to the District Attorney's Office upon issuance.

*with Response* [#90] at 3; *see also Call Report* [#90-7] at 1; *Price Aff.* [#88-1] at ¶ 10; *Reply* [#91] at 2, 5-6, 12, 15.   Therefore, the Court cannot conclude as a matter of law that the alleged intrusion could not be considered offensive by a reasonable person. *Cf. Brudwick v. Minor*, No. 05-cv-00601-WYD-MJW, 2006 WL 1991755, at *20 (D. Colo. July 13, 2006) (claim for intrusion failed because police officers were acting pursuant to a validly-issued search warrant, therefore, the intrusion could not be considered offensive by a reasonable person); *see also Robison v. Litton Loan Servicing, L.P.*, 2011 WL 1135369, at *6 (March 29, 2011) (denying motion for summary judgment as to invasion of privacy claim because "issues of fact remain as to whether Defendant's conduct was 'reasonable and appropriate' under the circumstances").

Further, in the Motion, Defendant Price offers factual arguments about the issuance of the Subpoena. Specifically, he argues that he "gave sufficient time within the subpoena for any interested person to object to its issuance." *Motion* [#88] at 6.   In addition, he argues that he notified the District Attorney's Office about the Subpoena prior to his receipt of Plaintiff's school records. *Id.* at 7. Defendant Price maintains that he did not review the records prior to the next hearing in the criminal case and that he turned the documents over to the state court.   *Id.* at 8.   These factual arguments go to a determination of reasonableness. The fact that Defendant Price offers these factual arguments underscores the conclusion that there is a dispute regarding the reasonableness of his conduct.

In the Motion, Defendant Price offers other arguments that the Court will briefly address.  First, to the extent Defendant Price argues that Plaintiff's father consented to release of her records, that is a contested factual issue. *Compare Motion* [#88] at 3-4 *with Response* [#90] at 3.  Second, whether the Family Educational Records and Privacy Act

does or does not create liability may, at best, go to the reasonableness of Defendant

Price's conduct, but it does not resolve the question of his liability for invasion of privacy.

*See Motion* [#88] at 11.  Third, whether the school was in compliance with the law when

it released Plaintiff's records is also irrelevant to a motion for summary judgment on

Plaintiff's claim against Defendant Price.   *See id.* at 12.   Finally, Defendant Price's

argument that his actions are protected by a "litigation privilege" are misplaced.  *See id.* at

13-15.  Under Colorado law, the privilege Defendant Price describes protects attorneys who

face claims of defamation.  *See People v. Stanley*, 170 P.3d 782, 790 (Colo. App. 2007)

(classifying litigation privilege cases as "concern[ing] immunity from defamation liability.");

*see also Partminer Worldwide Inc. v. Siliconexpert Techs. Inc.*, 2010 WL 502718, at *4

(Feb. 10, 2010) ("Colorado recognizes a limited privilege to defame . . . .");  *Club Valencia*

*Homeowner's Assn., Inc. v. Valencia Assocs.*, 712 P.2d 1024, 1027 (Colo. App. 1985) ("An

attorney at law is absolutely privileged to publish defamatory matter concerning another in

communication preliminary to a proposed judicial proceeding, . . .:);  *cf. McDonald v.*

*Lakewood Country Club*, 461 P.2d 437, 442 (Colo. 1969) (claim of slander cannot be based

on testimony in open court); *Renner v. Chilton*, 351 P.2d 277, 277 (1960).  Defendant Price

provides no support for the idea that an attorney is immune from suit for invasion of privacy

under Colorado law if his actions are taken in the course of litigation and the Court is aware

of no case law supporting that proposition.   To the extent Defendant Price relies on

*Buckhannon v. US West Comms., Inc.*, 928 P.2d 1331, 1334-35 (Colo. App. 1996), that

case does not extend an absolute privilege to attorneys for any claims asserted against

them simply because they are acting as attorneys.  It extends protection to attorneys facing

claims based on allegedly defamatory statements.  *Id.* at 1335 ("The privilege not only

shields attorneys from defamation claims arising from statements made during the course of litigation, but it also bars other non-defamation claims that stem from the same conduct.").  In that case, the court extended the privilege to other claims stemming from allegedly defamatory statements to the extent such statements were made in the course of judicial proceedings because to do otherwise would allow litigants to bring a defamation claim but label it as another tort in order to avoid dismissal.  *Id.* (statements "are privileged regardless of the tort theory [plaintiff] seeks to  invoke.").

## V.  CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that the **Motion** [#88] be **DENIED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73

F.3d 1057, 1060 (10th Cir. 1996).

Dated:  January 31, 2014                    BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge