IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00239-WYD-KLM

JANICE ROE,

    Plaintiff,

v.

ANDREW MCCOLLUM, in his personal capacity and in his capacity as teacher at Karval High School, and
GEORGE PRICE,

    Defendants.

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

I.    <u>INTRODUCTION</u>

This matter is before the Court on Defendant Price's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Brief in Support of the Motion. (ECF No. 88). The motion was referred to Magistrate Judge Mix for a Recommendation by Order of Reference. On January 31, 2014, Magistrate Judge Mix issued a Recommendation, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Mix recommends therein that Defendant Price's motion be denied as there are genuine issues of material facts. (Recommendation at 9-11).

II.    <u>BACKGROUND</u>

Karval High School is located in Karval, Colorado. During the incidents in dispute in this action, Plaintiff was a minor and student at Karval High School. At that time,

Defendant McCollum was a teacher and athletics coach at Karval High School. Defendant Price is a Colorado attorney who defended Defendant McCollum against state criminal charges lodged against him based on alleged sexual acts with Plaintiff. Defendant McCollum pled guilty to charges of sexual assault on a child and unlawful sexual contact.

Relevant to the instant matter, Plaintiff brings one claim against Defendant Price for invasion of privacy based on his failure to notify the District Attorney as to his issuance of a subpoena seeking Plaintiff's confidential records as required by Colo. R. Crim. P. 17. In the pending motion, Defendant Price asserts that he is entitled to summary judgment on this claim because he acted in accordance with Colorado law.

### III.     RECOMMENDATION

Following a detailed analysis, Magistrate Judge Mix recommended that Defendant Price's Motion for Summary Judgment be denied, finding genuine issues of material facts. (Recommendation at 9-11). Magistrate Judge Mix advised the parties that they had fourteen (14) days to serve and file written, specific objections to the Recommendation. (Recommendation at 11). Defendant Price filed timely objections to the Recommendation which necessitates a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).

The pending motion for summary judgment is based upon an allegation that contrary to applicable rules of Colorado criminal procedure, Defendant Price failed to provide the District Attorney's Office with any notice of a subpoena duces tecum, which

sought all of Plaintiff's school records. After reviewing the evidence and controlling law, Magistrate Judge Mix concluded that there were genuine issues of material facts as to whether Defendant Price properly served the subpoena. Thus, Magistrate Judge Mix was unable to conclude as a matter of law whether Defendant Price's alleged intrusion constituted an invasion of privacy.

### A. Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 323.

    B.    <u>Objections</u>

On February 13, 2014, Defendant Price filed timely objections to Magistrate Judge Mix's Recommendation. Defendant Price argues that Magistrate Judge Mix erred in finding disputed issues of facts. In conclusory fashion, Defendant Price first claims that Plaintiff offered no evidence in support of her allegation that he failed to serve the District Attorney's Office with the subpoena. Second, he argues that the litigation "privilege extends to any allegations related to the invasion of privacy claim for actions taken in the course of representing [Defendant] McCollum." (Objection at 5).

After carefully reviewing the evidence, I cannot conclude that Magistrate Judge Mix erred in finding genuine issues of material facts. First, Magistrate Judge Mix correctly noted that Plaintiff provided a call report from a District Attorney's Office investigator, indicating that the District Attorney's Office was never served with the subpoena. (ECF No. 90-7). The report further notes that Defendant Price admitted that "he was sorry if that didn't happen . . . ." (ECF No. 90-7). While Defendant Price makes unsupported and meritless objections as to the admissibility of this document, I overrule the objections and find the call report admissible under Fed. R. Evid. 803. *See*

*Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 161-164 (2012); *Barrientos-Sanbria v. Holte*, No. 11-cv-00838, 2012 WL 6107904, at *5 (D.Colo. Dec. 9, 2012). Accordingly, I agree with Magistrate Judge Mix that there are clear disputed issues of material facts present in this case.[1]

Second, as to the issue of whether Defendant Price's actions are protected by a "litigation privilege," Magistrate Judge Mix defined the applicable privileges available under Colorado law and correctly concluded that "Defendant Price provides no support for the idea that an attorney is immune from suit for invasion of privacy under Colorado law if his actions are taken in the course of litigation and the Court is aware of no case law supporting that proposition." (Recommendation at 10). I agree and overrule Plaintiff's wholly unsupported objection. Given that there are genuine issues of material facts as to whether Defendant Price failed to serve the subpoena duces tecum on the District Attorney's Office, I find Magistrate Judge Mix's Recommendation that summary judgment be denied to be proper and just. I affirm and adopt Magistrate Judge Mix's Recommendation denying the pending motion.

IV. <u>CONCLUSION</u>

After carefully reviewing Magistrate Judge Mix's Recommendation and the objections, I agree with Magistrate Judge Mix that Defendant Price's Motion for Summary Judgment should be denied for the reasons stated in both the Recommendation and this Order. Magistrate Judge Mix's Recommendation is

---

[1] Since I have determined that genuine issues of facts exist as to whether Defendant Price complied with Colo. R. Crim. P. 17, I need not address the remaining objections to Magistrate Judge Mix's finding that there are other disputed issues of facts present in this case.

thorough, well reasoned and is adopted. Accordingly, the objections are overruled. For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Mix (ECF No. 99) is **AFFIRMED AND ADOPTED**. The Objection (ECF No. 100) is **OVERRULED.** In accordance therewith, it is

FURTHER ORDERED Defendant Price's Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure (ECF No. 88) is **DENIED**.

Dated: February 25, 2014

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior United States District Judge